SCHNEIDER ET AL., APPELLEES, *v.* MASHETER, DIR. OF HIGHWAYS, ET AL., APPELLANTS.

(No. 7504—Decided January 28, 1964.)

*Messrs. Matz, Petersilge & Weimer* and *Mr. James F. De Leone,* for appellees.

*Mr. William B. Saxbe,* attorney general, *Mr. I. Charles Rhoads* and *Messrs. Knepper, White, Richards & Miller,* for appellants.

TROOP, J. A part of the farm owned by Albert and Elizabeth Schneider in Norton Township, Summit County, Ohio, was

appropriated by the state of Ohio in 1955 and 1956 for the relocation of U. S. Route No. 21 and for the relocation and improvement of U. S. Route No. 224 and the development of an interchange at the intersection of the two routes. That appropriation case, being No. 201790, Summit County Court of Common Pleas, was settled and the amount of compensation determined by agreement of the parties.

Irregular pieces of land were left to the Schneiders after the appropriation, one of which was a tract of approximately 16 acres, now owned by Elizabeth Schneider and the heirs of Albert Schneider, now deceased, plaintiffs in the trial court, located at the southeast corner of U. S. Route No. 224 and Hametown Road.

The Director of Highways filed the second appropriation action against the Schneider land, specifically the 16-acre tract noted in the preceding paragraph, being case No. 237449, Summit County Common Pleas Court, seeking to acquire part of the land and also to secure a perpetual easement for highway purposes over the land, all necessary to the construction of a bridge over U. S. Route No. 224 and to eliminate the existing crossing at grade of Hametown Road at U. S. Route No. 224. The projected improvement would permit U. S. Route No. 224 to be a part of the United States highway system.

Elizabeth Schneider, as part owner and life tenant in the 16.22 acres, together with Richard Schneider and Charles Schneider, remaindermen, filed a petition in the Court of Common Pleas of Franklin County seeking to enjoin the Director of Highways from proceeding with the appropriation of the land. L. R. Skelton Construction Company, Inc., was also made a party defendant, it having commenced work on the project. Basic allegations concerning ownership of the land, the starting of the project, the filing of the resolution of appropriation in the Common Pleas Court of Summit County and the irreparable damage to the plaintiffs in the taking are contained in the petition.

Of particular interest is the allegation as to the nature of the project. It is alleged that there is to be built on Hametown Road an approach to a bridge over U. S. Route No. 224 which will rise from grade to 19 feet above grade in front of plaintiffs' land abutting Hametown Road, making necessary an ele-

vated approach to provide access from plaintiffs' land to the road. Plaintiffs claim, as set out in the petition, that such an access facility is impractical and dangerous and will result in loss of view to the plaintiffs and that the proposed construction will mean the taking of land, removal of trees and interference with the natural and septic drainage of the land.

The basis for the irreparable damage having been alleged, plaintiffs urge further that the defendant Director of Highways did not comply with the provision in Section 5511.01, Revised Code, requiring notice to the plaintiff landowners and the holding of a public hearing prior to the filing of his appropriation resolution, and, still further, assert that as a part of the settlement in the prior appropriation matter (case No. 201790, Summit County Common Pleas Court) the state of Ohio guaranteed the plaintiffs access from their land, involved in the current appropriation action, to U. S. Route No. 224 forever, the presently contemplated project being in violation of that guarantee.

Defendant L. R. Skelton Construction Company, Inc., filed an answer containing formal admissions, including the commencement of work on the project, and a general denial. The answer of the Director of Highways contains several basic admissions, i. e., ownership of the land, commencement of appropriation proceedings in Summit County, beginning work on the project, followed by a specific denial of the guarantee of access claimed by plaintiffs, and a general denial.

The Common Pleas Court of Franklin County granted plaintiffs a temporary injunction against both defendants on April 24, 1963. On June 24, 1963, plaintiffs filed a motion for summary judgment. According to the entry of the court, filed September 9, 1963, the cause was submitted upon the motion for summary judgment on behalf of the plaintiffs, an agreed statement of facts, oral arguments of counsel and their briefs. The trial court sustained plaintiffs' motion for summary judgment and ordered that both defendants "be and they are hereby permanently enjoined from proceeding with any construction project on the premises owned by the plaintiffs * * *." It is from this judgment that this appeal is taken by the defendants.

The Director of Highways and the construction company, defendants in the trial court, appeal on questions of law and fact from the summary judgment entered by the trial court. An

appeal from a summary judgment is an appeal on questions of law only, as previously held by this court, and therefore this appeal is dismissed as an appeal on questions of law and fact and is retained as one on questions of law.

No particular error is assigned by the defendants in their brief as the basis of their appeal, but their presentation centers around only one point. Defendants urge that Section 5511.01, Revised Code, does not require the director to give notice and hold a public hearing in an instance such as this. The trial court found that it was a requirement. This, we take it, is the error upon which the appeal is predicated. Plaintiffs urge that the filing of the resolution of appropriation was a violation of an agreement, made by the state of Ohio through the highway department, to give the landowners, plaintiffs in the trial court, access to U. S. Route No. 224 forever, which agreement was sanctioned by and made a part of an order of a court of the state of Ohio.

The result reached by the trial court hinges upon only one finding as set out in the journal entry of September 9, 1963, as follows:

"* * * The court further finds that the construction project described in the petition herein is such a proposed change in the existing highway as to require notice and public hearing according to Revised Code, Section 5511.01."

There is no reference in the trial court's entry to the "agreement" which plaintiffs assert was approved by the Court of Common Pleas of Summit County and became, therefore, a court order which the Common Pleas Court of Franklin County, in the instant case, could not ignore.

Only because the point is raised in the brief of the plaintiffs is comment appropriate. In the entry in the former appropriation case involving the land of the Schneider family, there is the following recital:

"It is agreed that in the addition to the monetary consideration herein the parties hereto agree:

"1. Albert Schneider and Elizabeth Schneider shall have access to the Hametown Road at all points where their property presently abuts Hametown Road, excepting therefrom the right of way for Route 224; the Schneiders will have access to Hametown Road over the triangular plot of ground described

in the amended resolution and known as parcel 172, being approximately .03 of an acre.''

Such language in no sense can be construed as an agreement to forever guarantee access to U. S. Route No. 224 from the Schneider land. If the language were such that the particular meaning, urged by plaintiffs, could be drawn from it, such an agreement would be against public policy and therefore illegal. Such an attempt by a court to so order, or by the governmental agency to contract, is repugnant to the power of eminent domain inherent in the authority of a sovereign state. The trial court was entirely correct in ignoring this argument advanced by plaintiffs in support of their cause.

We are left with a single question to resolve, arising out of the application of the provisions of Section 5511.01, Revised Code, by the trial court to the facts before him. Does the language of the applicable portions of the statute support the conclusions reached by the trial court and justify the order for a permanent injunction against the defendants? The section relates to the establishment and enlargement of the state highway system and prescribes the procedures to be followed by the Director of Highways in the development of the system. The statute requires publication of a notice of a hearing to be held when changes in, or additions to, the state highway system are contemplated. Details as to the hearing are specified. Following a detailed recital of the duties of the director, the controversial paragraph of the section appears, as follows:

''Nothing in this section shall be construed to require notice and hearing before the construction, reconstruction, maintenance, improvement, or widening of an existing highway where no relocation is involved.''

The trial court held that in this appropriation matter notice and a hearing were required. It is conceded by the director that no notice was given and no hearing was held. Briefly, the Attorney General takes the position that the contemplated project did not involve a relocation of a highway presently in the state highway system and, therefore, notice and hearing were not required by virtue of the above-quoted portion of Section 5511.01, Revised Code.

Two excerpts from the decision of the trial court, filed July

24, 1963, provide a clue as to the reasoning followed by the court upon which his order is based. They are as follows:

"Certainly the raising of Hametown Road to a height of 19 feet is a change in an existing highway which does not come within the definition of changes which come within the exceptions of R. C. 5511.01 above quoted. Such change is neither a construction, maintenance, or improvement of Hametown Road as contemplated by the Legislature.

"* * *

"The proposed change surely would affect the property owner far more than would a relocation of the road which might involve but a short distance and yet there can be no question but [sic] that in that instance the property owner must be notified and given an opportunity for a hearing."

The trial court suggests that the test to be applied to determine the necessity of notice and hearing is the magnitude of the project and the extent of the adverse effect upon the landowner. It should be noted that the statutory test is limited to whether or not there is a "relocation" of the highway. It makes no difference how extensive "the construction, reconstruction, maintenance, or widening" happens to be. The sole test is as to relocation.

No court decision has been cited by counsel affording a definition of the term "relocation." There is a hint in the decision in the case of *Sorg* v. *Thormyer, Acting Dir. of Highways* (1959), 169 Ohio St., 210, that moving a highway center line is involved in relocation. That case was decided before the amendment of the law as it now is containing the spelled-out exception, quoted above, and is of little help here.

"Relocation" is changing the direction of an existing highway with respect to the points of the compass or removing it from an existing geographical situation to an entirely new and different geographical situation. The change of direction or situation may be substantial or slight but there must be that kind of a change before the requirement of notice and hearing is operative.

If the language of a statute is clear, courts need not attempt to discover the intention of the General Assembly in enacting it. It should be noted, however, that in many instances

relocation destroys the economic substance of landowners and business operators and there will be no compensation for them because there is no appropriation. In contrast are the situations where there is no relocation. Landowners may suffer inconvenience and loss of property, as in the instant case, but the taking produces compensation. The reason for the requirement of public notice and a hearing in case of relocation is obviously most important to the community or area adversely affected, facing economic loss without compensation.

There was no "relocation" in the instant case. Only the grade of the road is to be changed. There is no change of direction or geographical situation and the director is relieved of the requirement of notice and hearing by act of the Legislature.

The judgment of the trial court is reversed and set aside and the cause is remanded for further proceedings in conformity to this opinion.

*Judgment reversed.*

DUFFY, P. J., and DUFFEY, J., concur.